JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 790                    DEC -1 1988

PATRICIA D. HOWARD
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
CLERK OF THE PANEL

IN RE EXXON CORP. HAWKINS FIELD UNIT RECOUPMENT LITIGATION

TRANSFER ORDER*

This litigation presently consists of 22 actions pending in eighteen federal districts as follows: five actions in the Eastern District of Texas and one action each in the Southern District of Alabama, Western District of Arkansas, Central District of California, District of Colorado, District of Connecticut, Southern District of Florida, District of Idaho, District of Kansas, Western District of Kentucky, District of Massachusetts, Southern District of Mississippi, Eastern District of Missouri, District of Nevada, District of New Mexico, Southern District of New York, Western District of Oklahoma and Eastern District of Pennsylvania.[1] Before the Panel is a motion, pursuant to 28 U.S.C. §1407, to centralize the actions in this litigation in the Eastern District of Texas for coordinated or consolidated pretrial proceedings. Several Arkansas defendants support the motion. The Idaho and Alabama defendants oppose the motion.

On the basis of the papers filed and the hearing held, the Panel finds that centralization of all actions but the Alabama action in the Eastern District of Texas will best serve the convenience of most parties and witnesses and promote the just and efficient conduct of this litigation. All the centralized actions are brought by the Exxon Corporation (Exxon) against persons or entities who, at any time during the period from January 1, 1975, through January 28, 1981, owned Hawkins Field Unit (HFU) working or royalty interests under Exxon leases or who received payments attributable to such interests. Exxon seeks recoupment from these defendants for money which Exxon was required to pay as the operator of HFU for overcharges plus interest in violation of the Department of Energy's petroleum pricing regulations. Centralization under Section 1407 is desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

\* Judges S. Hugh Dillin and Milton Pollack recused themselves and took no part in the decision of this matter.

[1] The motion before the Panel, as originally filed, pertained to 23 actions pending in 23 federal districts. Prior to the Panel's November 17th hearing, five actions originally pending in respectively the District of Arizona, Northern District of Illinois, Southern District of Iowa, Western District of Tennessee and Western District of Washington were transferred to the Eastern District of Texas under 28 U.S.C. §1404(a). One additional action pending in the Southern District of Ohio has been settled and dismissed with prejudice.

-2-

In light of the facts that the Alabama action involves unique threshold questions of fact relating to probate matters and that a potentially dispositive motion is pending in this action, we are persuaded that the Alabama action should be excluded from Section 1407 proceedings at this time. To the extent that the Alabama action shares some questions with the MDL-790 actions, we point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985). If Exxon's claims survive defendant's motion to dismiss or for summary judgment, Exxon can then seek to include the Alabama action in the Section 1407 proceedings in the Texas forum.

We conclude that the Eastern District of Texas is the most appropriate transferee forum for this litigation. We note that: 1) a related action is pending there against an alleged defendant class of all persons or entities who owned HFU working or royalty interests under Exxon leases between January 1, 1975, and January 28, 1981; 2) the actions now before the Panel were filed by Exxon as protective suits against individuals or entities who, according to movants, are also defendants in this related Texas action; 3) the presiding judge in the related Texas action has become acquainted with the issues involved in these actions and is in the best position to supervise the Section 1407 proceedings in this litigation; and 4) several defendants have recently agreed to transfer claims against them to the Texas forum.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action listed on the attached Schedule A and pending in the Southern District of Alabama be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the attached Schedule A and pending outside the Eastern District of Texas be, and the same hereby are, transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable Robert M. Parker for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_Andrew A. Caffrey_
Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-790 -- In re Exxon Corp. Hawkins Field Unit Recoupment Litigation

    Southern District of Alabama

Exxon Corporation v. E. H. Hamlett, Jr., etc., C.A. No. 88-0060

    Western District of Arkansas

Exxon Corporation v. Margaret Bowman, et al., C.A. No. 88-2010

    Central District of California

Exxon Corporation v. Elves Henry Price, et al., C.A. No. 88-00424-FW

    District of Colorado

Exxon Corporation v. Robert B. Bailey, et al., C.A. No. 88-K-125

    District of Connecticut

Exxon Corporation v. Frankie Juanita de Orchis, etc., C.A. No. B-88-44-WWE

    Southern District of Florida

Exxon Corporation v. David Sutton Meredith, et al., C.A. No. 88-0147-CIV-KEHOE

    District of Idaho

Exxon Corporation v. Augusta J. MacDonald, et al., C.A. No. CIV-88-1031

    District of Kansas

Exxon Corporation v. Michael Petree, C.A. No. 88-1038-C

    Western District of Kentucky

Exxon Corporation v. Marea Burke Gardner, C.A. No. C-88-0049-L(M)

    District of Massachusetts

Exxon Corporation v. Jean R. Yawkey, et al., C.A. No. 88-0186-MA

MDL-790 - Schedule A - continued

### Southern District of Mississippi

<u>Exxon Corporation v. Helen Shamburger Ryals, et al.</u>, C.A. No. J-88-0037(B)

### Eastern District of Missouri

<u>Exxon Corporation v. Stanley Schmittler, et al.</u>, C.A. No. 88-0142-C-4

### District of Nevada

<u>Exxon Corporation v. Lewis C. DeGuerin</u>, C.A. No. CV-S-88-054-LDG

### District of New Mexico

<u>Exxon Corporation v. Marie Wells Erhard, et al.</u>, C.A. No. CIV-88-0108-M

### Southern District of New York

<u>Exxon Corporation v. Leland M. Montgomery, et al.</u>, C.A. No. 88-CIV-0545

### Western District of Oklahoma

<u>Exxon Corporation v. Florence A. Brandon, et al.</u>, C.A. No. CIV-88-123-R

### Eastern District of Pennsylvania

<u>Exxon Corporation v. Lee Friedman, et al.</u>, C.A. No. 88-0595

### Eastern District of Texas

<u>Exxon Corporation v. F. Y. Hutchison, Jr., et al.</u>, C.A. No. TY-88-582-CA
<u>Exxon Corporation v. Simeon Edward Hayner, et al.</u>, C.A. No. TY-88-C-583-CA
<u>Exxon Corporation v. Joe K. Moody</u>, C.A. No. TY-88-558-CA
<u>Exxon Corporation v. Russell Russo, et al.</u>, C.A. No. TY-88-377-CA
<u>Exxon Corporation v. Reba Lynch LeCroy</u>, C.A. No. not yet assigned (transferred from W.D. Tennessee, C.A. No. 88-2049-TU-A)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN -3 1989

PATRICIA D. HOW
CLERK OF THE P

DOCKET NO. 790

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE EXXON CORP. HAWKINS FIELD UNIT RECOUPMENT LITIGATION

CORRECTION ORDER

IT IS ORDERED that footnote one of the transfer order filed on December 1, 1988 in this litigation be, and the same hereby is, CORRECTED to read as follows:

1/ The motion before the Panel, as originally filed, pertained to 23 actions pending in 23 federal districts. Prior to the Panel's November 17th hearing four actions originally pending in respectively the Northern District of Illinois, Southern District of Iowa, Western District of Tennessee and Western District of Washington were transferred to the Eastern District of Texas under 28 U.S.C. §1404(a). Two additional actions pending in the District of Arizona and Southern District of Ohio have been settled and dismissed with prejudice.

FOR THE PANEL:

Andrew A. Caffrey
Chairman